921 So.2d 852 (2006)
John Glenn SWANSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5216.
District Court of Appeal of Florida, Second District.
March 3, 2006.
*853 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
John Swanson, Jr., appeals from his judgment and sentence for aggravated battery with a deadly weapon. We reverse because the jury instruction given on self-defense constituted fundamental error.
Swanson committed the single act of aggravated battery and claimed self-defense. The trial court instructed the jury on the forcible felony exception to self-defense. The court told the jury that "the use of force likely to cause death or great bodily harm is not justifiable if you find that John Swanson was attempting to commit, committing, or after escaping the commission of aggravated battery." This instruction, based on section 776.041(1), Florida Statutes (2003), "is applicable only in circumstances where the person claiming self-defense is engaged in another independent forcible felony at the time." Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004).
Defense counsel did not object and, in fact, sought the erroneous instruction at trial. However, we are compelled to reverse because "this court has held that the instruction essentially negates the defense and constitutes fundamental error when a defendant committed a single act and claimed self-defense." Velazquez v. State, 884 So.2d 377, 377 (Fla. 2d DCA 2004); see also Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., Concur.