981 So.2d 449 (2008)
Eric MARTINEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1597.
Supreme Court of Florida.
February 21, 2008.
Rehearing Denied April 29, 2008.
*450 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Richard L. Polin, Bureau Chief, Kristen L. Davenport, and Wesley Heidt, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
PER CURIAM.
Petitioner Eric Martinez seeks review of the decision of the Third District Court of Appeal in Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), on the ground that it expressly and directly conflicts with decisions of the First, Second, Fourth, and Fifth District Courts of Appeal on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS AND PROCEDURAL BACKGROUND
Eric Martinez was charged with both attempted premeditated murder and aggravated battery with a deadly weapon for the single act of stabbing his girlfriend. See Martinez, 933 So.2d at 1157. During the trial, Martinez asserted self-defense along with other defenses. See id. at 1167. The instructions given to the jury with regard to self-defense included the forcible-felony instruction, as follows:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Eric Martinez was attempting to commit, committing, or escaping after the commission of an Attempted Murder and/or Aggravated Battery. . . .
Id. at 1157 (emphasis supplied); see § 776.041(1), Fla. Stat. (2006). Martinez did not raise a contemporaneous objection to this instruction. See Martinez, 933 So.2d at 1157. Martinez was convicted of attempted first-degree premeditated murder and subsequently appealed the conviction. See id. at 1175.
On appeal, the Third District concluded that it was error for the trial court to read the forcible-felony instruction where no independent forcible felony was present; however, because Martinez did not object to the instruction during trial, the objection was unpreserved. See id. at 1157-58. Therefore, the issue to be resolved was *451 whether the giving of such an instruction constituted fundamental error. See id. at 1158. The district court held that while an erroneous defense instruction may constitute fundamental error, it does not always constitute fundamental error. See id. at 1163. The Third District concluded that an appellate court must examine the record of the case to determine whether the instruction rose to the level of fundamental error in that particular case. See id.[1]
The Third District examined the circumstances of Martinez's case and concluded that the erroneous reading of the forcible-felony instruction did not constitute fundamental error. See id. at 1167. First, the Third District noted that the numerous injuries to the victim (which included a stab wound to the back that punctured her lung) and the relatively minor injury to Martinez (a 1/4-inch cut to his pinky finger) were inconsistent with a theory of self-defense. See id. Second, the Third District noted that self-defense was not Martinez's sole defense  he also raised the defenses of intoxication, lack of premeditation, accident, and that the victim's wounds were self-inflicted. See id. The district court further opined that Martinez's primary defenses were intoxication and lack of premeditation, not self-defense, as evidenced by the fact that his attorney argued for a reduction of the attempted murder charge to aggravated battery rather than for an acquittal of the charge. See id. Finally, the Third District noted that the jury convicted Martinez of attempted first-degree premeditated murder and concluded that the finding of a premeditated intent to kill negated a finding of self-defense. See id. at 1167, 1175.
We accepted review of Martinez based upon express and direct conflict with a number of cases in which other district courts have held, without qualification or limitation, that to give the forcible-felony instruction when the defendant has committed only one forcible act constitutes fundamental error. See Martinez v. State, 959 So.2d 717 (Fla.2007) (table).[2]

ANALYSIS
Whether the Forcible-Felony Instruction Requires an Independent Forcible Felony
Initially, the State asserts that the forcible-felony instruction was intended to apply even where there is no forcible felony independent of the felony for which the defendant is claiming self-defense. As explained by the State, this instruction was *452 intended to apply where an assailant commits a forcible felony upon the victim and the victim uses force in self-defense. According to the State, the assailant may not then respond with deadly force against the victim and claim that such force constituted justifiable self-defense. Hence, the State asserts that no independent forcible felony (such as a robbery) is required for the forcible-felony instruction to apply, and every district court of appeal in Florida has misinterpreted the statute that created the forcible-felony exception. However, a complete review of the statute that created the exception belies the State's assertion.
Section 776.041 of the Florida Statutes, "Use of Force by Aggressor," provides that a claim of self-defense is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony.
(2) Initially provokes the use of force against himself or herself, unless:
(a) Such force is so great that the person reasonably believes that he or she is in imminent danger of death or great bodily harm and that he or she has exhausted every reasonable means to escape such danger other than the use of force which is likely to cause death or great bodily harm to the assailant; or
(b) In good faith, the person withdraws from physical contact with the assailant and indicates clearly to the assailant that he or she desires to withdraw and terminate the use of force, but the assailant continues or resumes the use of force.
§ 776.041, Fla. Stat. (2007) (emphasis supplied). Subsection (2) precludes the initial aggressor from asserting self-defense where he or she is the individual who provoked the use of force. Hence, subsection (2) governs the circumstance where the defendant initiated the assault, as in the hypothetical discussed in the prior paragraph. Therefore, to conclude that subsection (1) applies where there is no independent forcible felony would render subsection (2) superfluous and completely unnecessary because subsection (1) already addresses the defendant-as-provoker exception.
It is a basic rule of statutory construction that "the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." State v. Bodden, 877 So.2d 680, 686 (Fla. 2004) (quoting State v. Goode, 830 So.2d 817, 824 (Fla.2002)). Thus, to ensure that subsection (2) is not rendered meaningless, we must interpret subsection (1) to preclude a claim of self-defense in a circumstance other than when the defendant committed a single forcible felony and provoked the use of force against himself or herself. To do so, we review the plain language of the forcible-felony subsection of the statute, which prohibits a claim of self-defense where the defendant "[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." § 776.041(1), Fla. Stat. (2007). Although the State contends that this provision does not require an independent forcible felony, to not require one would have a dual effect of rendering subsection (2) meaningless, as described above, as well as completely negating any claim of justifiable use of deadly force, even where a person was absolutely justified in using deadly force.
This Court has explained the nature of a self-defense claim as follows:
Self-defense is a plea in the nature of a confession and avoidance. In such cases the defendant confesses doing the act charged, but seeks to justify that act upon the claim that it was necessary to *453 commit the act to save himself from death or great bodily harm.
Hopson v. State, 127 Fla. 243, 168 So. 810, 811 (1936) (emphasis supplied). Thus, when a defendant asserts a claim of self-defense, he admits the commission of the criminal act with which he was charged but contends that the act was justifiable. The underlying facts of the present case demonstrate why it would be illogical to conclude that section 776.041(1) applies where there is no independent forcible felony. During trial, Martinez asserted, in part, that his girlfriend, Rubentania Rijo, attacked him with a pair of scissors and that he was required to use deadly force to protect himself. Thus, under the self-defense instruction that was given to the jury, if the jury concluded that Martinez's actions constituted a justifiable use of force against Rijo, it would serve as a defense to the charges of aggravated battery and attempted murder. Nonetheless, the trial court then informed the jurors that the use of deadly force by Martinez would not be justifiable if "Martinez was attempting to commit . . . an Attempted Murder and/or Aggravated Battery"; i.e., the very crimes Martinez attempted to justify as having been committed in self-defense.
Thus, to instruct the jury on the forcible-felony exception in this circumstance amounted to informing the jury that although it might conclude that Martinez acted in self-defense when he committed an aggravated battery or attempted murder against Rijo, the use of deadly force was not justifiable if the jury found that Martinez committed attempted murder or aggravated battery. This circular logic would most probably confuse jurors because the apparent result is that the instruction precludes a finding of self-defense and amounts to a directed verdict on the affirmative defense. To the extent the State claims that the instruction was not misleading in this case because Martinez allegedly initiated the attack against Rijo and, therefore, he was committing a forcible felony, the State fails to recognize that the jury was also instructed on the defendant-as-provoker exception to the claim of self-defense (i.e., subsection (2) of section 776.041).[3] Hence, even if the jury believed the version of events related by Martinez (i.e., he was not the provoker, and Rijo attacked him first), the forcible-felony instruction precluded the jury from finding that he acted in self-defense. Indeed, under the State's interpretation of section 776.041(1), in any case in which a defendant alleges that he or she committed a forcible felony in self-defense, and the case involves no independent forcible felony, the instruction would render that felony de facto unjustifiable and also render subsection (2) superfluous.
Moreover, our case law supports the conclusion that an independent forcible felony *454 is required for the forcible-felony instruction to apply. In Marshall v. State, 604 So.2d 799, 803 (Fla.1992), this Court concluded that the defendant could not claim that he killed the victim in self-defense because he was engaged in the independent forcible felonies of burglary and aggravated battery. Further, Perkins v. State, 576 So.2d 1310 (Fla.1991), demonstrates that the State has not always contended that no independent forcible felony is required for the instruction to apply. In Perkins, the defendant attempted to purchase drugs from Kimble. See id. at 1311. Kimble produced a weapon and attempted to rob Perkins. See id. Kimble first shot Perkins, but Perkins was then able to obtain the weapon from Kimble, and then Perkins used the weapon to fatally shoot Kimble. See id. Perkins was charged with attempted drug trafficking and first-degree murder. See id. The State argued that the forcible-felony instruction applied to Perkins' claim of self-defense because the crime of drug trafficking involves a propensity for violence and, therefore, qualified as a forcible felony. See id. at 1311-12. In Perkins, the State did not assert that the "forcible-felony instruction" applied because Perkins was charged with first-degree murder (i.e., the charge for which he was claiming self-defense). We ultimately held that the forcible-felony instruction did not apply to Perkins' claim of self-defense because drug trafficking is not a forcible felony. See id. at 1313. Thus, our case law has consistently required an independent forcible felony for this instruction to apply. See also Davis v. State, 886 So.2d 332, 334 (Fla. 5th DCA 2004) (relying on Perkins for the proposition that "self-defense [is] a valid and available defense only when the felony at issue was the felony that was committed in self-defense"). Indeed, consistent with this case law, in 2006 we approved an amendment to the self-defense jury instruction to specifically provide that the forcible-felony instruction should be given "only if the defendant is charged with more than one forcible felony." See In re Standard Jury Instructions In Criminal Cases (No.2005-4), 930 So.2d 612, 614 (Fla. 2006) (emphasis supplied).
In light of the foregoing, we hold that the lower courts have properly concluded that for the forcible-felony instruction to apply, there must be an independent forcible felony other than the one which the defendant claims he or she committed in self-defense.[4] Thus, the trial court erred when it read the forcible-felony instruction to the jury during Martinez's trial. However, because counsel failed to object to the instruction, our analysis does not conclude here.
Fundamental Error
We have explained the interaction between a failure to object to a jury *455 instruction and fundamental error as follows:
Instructions . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991) (emphasis supplied) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960); Stewart v. State, 420 So.2d 862, 863 (Fla. 1982)); see also Reed v. State, 837 So.2d 366, 369 (Fla.2002)) (holding that fundamental error occurred where the erroneous instruction "reduce[ed] the state's burden of proof on an essential element of the offense charged" (quoting Young v. State, 753 So.2d 725, 729 (Fla. 1st DCA 2000) (brackets omitted)). Where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is "so flawed as to deprive defendants claiming the defense . . . of a fair trial." Smith v. State, 521 So.2d 106, 108 (Fla.1988). Additionally, the fundamental error doctrine "should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Id. (citing Ray v. State, 403 So.2d 956, 960 (Fla.1981)) (emphasis supplied).
We have never held that the failure to give an instruction or to give an erroneous instruction on an affirmative defense always constitutes fundamental error. In Smith v. State, 521 So.2d at 107, the trial court read an instruction with regard to insanity which this Court had previously disapproved. We concluded that although the instruction did not accurately reflect the law of insanity in Florida, fundamental error did not occur "because there is no denial of due process to place the burden of proof of insanity on the defendant." Id. We further noted that despite the shortcomings of the instruction, "the standard jury instructions, as a whole, made it quite clear that the burden of proof was on the state to prove all of the elements of the crime beyond a reasonable doubt." Id. at 108. We subsequently relied on Smith in Holiday v. State, 753 So.2d 1264, 1270 (Fla.2000), when we determined that a jury instruction which failed to accurately explain the burdens of proof with regard to the affirmative defense of entrapment was not fundamental error. We stated that it is not unconstitutional to place the burden on a defendant to prove that he or she was entrapped and further noted that "the entrapment defense in this case was tenuous at best and the facts do not present a compelling demand for relief." Id. at 1270 n. 3; see also Sochor v. State, 619 So.2d 285, 290 (Fla.1993) (holding that fundamental error did not occur when the trial court failed to instruct the jurors on the affirmative defense of involuntary intoxication because the instruction was unnecessary to prove an essential element of the crime).
Upon our review of the complete record in this case, we conclude that the erroneous forcible-felony instruction did not deprive Martinez of a fair trial and, therefore, fundamental error did not occur. *456 See Smith, 521 So.2d at 108.[5] We reach this conclusion based upon two particular aspects of the case. First, self-defense was not the only strategy pursued by Martinez. In addition to claiming self-defense, defense counsel also told the jury during closing argument that Martinez was a jealous, possessive, immature person and that the consumption of alcohol by Martinez and Rijo constituted "an accident waiting to happen." Defense counsel asserted that Martinez's actions were not premeditated but were more akin to a "spontaneous combustion." Further, counsel informed the jury that a conviction for aggravated battery was the "correct, right result for these facts." Thus, while defense counsel did allege that Rijo may have attacked Martinez first, counsel also recognized that if the jurors did not believe the self-defense claim, another strategy was to assert that Martinez did not form a premeditated intent to kill Rijo and, instead, his attack amounted to a drunken frenzy. Thus, although the forcible-felony instruction was erroneous and could have confused the jury, it did not deprive Martinez of his sole, or even his primary, defense strategy.
A second reason why we cannot conclude that fundamental error occurred in the instant case is because Martinez's claim of self-defense was extremely weak. It is clear from the disturbing facts of this case that Martinez's claim that he had to fight for his life and did not have an opportunity to leave the room strained even the most remote bounds of credulity. When police arrived at the crime scene, Rijo was covered in blood and had multiple stab wounds and lacerations to her face, arm, and chest. Rijo had even been stabbed in the back, and this wound punctured her lung. Conversely, when the officers detained Martinez, the only injury suffered by Martinez was a 1/4-inch cut to his pinky finger, which required merely a bandage. Additionally, during trial, Martinez changed his testimony with regard to the weapon that Rijo wielded when she allegedly attacked him. Specifically, during direct examination, Martinez testified that Rijo attacked him with a razor; however, on cross-examination he stated that she attacked him with scissors and contended that he never said she attacked him with a razor. Martinez also provided additional inconsistent testimony. To explain why he was not more severely injured, he testified that he saw Rijo approaching him with the scissors and was able to block many of her attempts to stab him. However, when Martinez was later asked if Rijo bled more than he did from the injuries inflicted during the struggle, he stated the following: "It was dark in the room. You couldn't see in the room." Finally, although Martinez denied stabbing Rijo in the back, he also acknowledged that she did not stab herself in the back. Instead, he raised the very questionable hypothesis that Rijo slipped in blood and managed to fall on the scissors in such a manner, and with such force, that her lung was punctured. Given such damning facts, we conclude that even if the forcible-felony instruction had not been read to the jury, the possibility that the jury would have found Martinez not guilty of attempted murder by reason of self-defense is minimal at best. Cf. Holiday, 753 So.2d at 1270 n. 3 (no fundamental error where evidence of affirmative defense raised "was tenuous at best"). *457 Therefore, even if an erroneous forcible-felony instruction could constitute fundamental error in some circumstances  an issue we decline to address today  the instant case most certainly does not present a compelling demand for the application of the fundamental-error doctrine. See id. at 1269.

CONCLUSION
In conclusion, we hold that it is error for a trial court to read the forcible-felony instruction to the jury where the defendant is not charged with an independent forcible felony. However, the erroneous reading of this instruction constitutes fundamental error only when it deprives the defendant of a fair trial. See Smith, 521 So.2d at 108. We approve the decision of the Third District that fundamental error did not occur during Martinez's trial, but not the reasoning of the Third District, and we disapprove of those district court decisions which hold that an erroneous reading of the forcible-felony instruction always constitutes fundamental error.
It is so ordered.
WELLS, ANSTEAD, CANTERO, and BELL, JJ., concur.
LEWIS, C.J., concurs in part and dissents in part with an opinion, in which PARIENTE and QUINCE, JJ., concur.
LEWIS, C.J., concurring in part and dissenting in part.
While I agree with the majority that the forcible-felony instruction is circular and confusing where a defendant is not engaged in an independent forcible felony, I cannot agree with the conclusion of the majority, or the Third District, that the giving of this instruction during Martinez's trial did not constitute fundamental error. A review of the law with regard to self-defense demonstrates that this defense is unlike any other, such that an erroneous self-defense instruction under these circumstances will always deprive a defendant of a fair trial.
As noted by the majority, when a defendant presents a claim of self-defense, he admits that he committed the criminal act with which he has been charged but contends that the act was justifiable. See Hopson, 168 So. at 811. A defendant is entitled to an instruction on a theory of defense if there is any evidence to support that theory, regardless of how the trial judge views the strength of the evidence. See Goode v. State, 856 So.2d 1101, 1104 (Fla. 1st DCA 2003). Thus, where conflicting evidence is offered, self-defense is an issue for the jury to determine. See Stewart v. State, 672 So.2d 865, 867 (Fla. 2d DCA 1996). Once a defendant produces evidence in support of a self-defense claim, the State is required to prove beyond a reasonable doubt that the defendant's actions were not taken in self-defense. See Fowler v. State, 921 So.2d 708, 711 (Fla. 2d DCA 2006); S.D.G. v. State, 919 So.2d 704, 705 (Fla. 5th DCA 2006); Sneed v. State, 580 So.2d 169, 170 (Fla. 4th DCA 1991). One district court has even held that the sheer importance of a self-defense instruction to a defendant renders it akin to an instruction on a disputed element of an offense, such that an erroneous instruction on the defense constitutes fundamental error. See Zuniga v. State, 869 So.2d 1239, 1240 (Fla. 2d DCA 2004).
The reasoning of the majority that this Court has "never held that the failure to give an instruction or to give an erroneous instruction on an affirmative defense always constitutes fundamental error" is incorrect  although the legal term "fundamental error" was not expressly utilized in the pertinent case. In Motley v. State, 155 Fla. 545, 20 So.2d 798, 799 (1945), the defendant was convicted of assault with *458 intent to commit murder. Motley contended that he shot the victim when the victim approached him "swinging his hands in a threatening manner." Id. The judge instructed the jury that if it found "that the defendant was assaulted by [the victim] and that he used only . . . such force as a reasonable man would use under the circumstances to repel the assault, then he [was] justified in using such force as was necessary to repel the assault, even to the extent of taking human life." Id. Counsel for Motley did not object to this instruction and instead asked the judge to provide the jury with an instruction on the legal meaning of assault. See id. On appeal, Motley contended that the trial court gave an erroneous, misleading instruction on self-defense because the instruction limited the right of self-defense to a case in which Motley had been actually assaulted and deprived him of the right where he believed he was in imminent danger of great bodily harm. This Court concluded that the erroneous instruction warranted reversal of the conviction because it deprived Motley of a lawful trial:
[W]here the court attempts to define the crime, for which the accused is being tried, it is the duty of the court to define each and every element, and failure to do so, the charge is necessarily prejudicial to the accused and misleading. The same would necessarily be true when the same character of error is committed while charging on the law relative to the defense. . . . This is not a case where the court failed or neglected to charge on some phase of the evidence which placed the burden on the defendant to request a more complete charge. This goes to the essence and entirety of the defense.

Id. at 800 (emphasis supplied) (citations omitted).
As noted by the majority, when a challenged jury instruction involves an affirmative defense, fundamental error only occurs when the jury instruction is "so flawed as to deprive defendants claiming the defense . . . of a fair trial." Smith, 521 So.2d at 108. Based on this description, it is clear that when this Court in Motley concluded that the defendant was deprived of a fair trial, this Court held that the reading of the incomplete instruction constituted fundamental error, even though the Court did not use those exact words. Since we held in Motley that the giving of an incomplete self-defense instruction denied the defendant a lawful trial, I would conclude that a circular, misleading instruction, which completely negates a claim of self-defense, equally deprives a defendant of a lawful trial. Therefore, consistent with our decision in Motley, I would conclude that the erroneous forcible-felony instruction satisfies the fundamental error test articulated by this Court in Smith. Further, even though this Court found that fundamental error did not occur in Smith or Holiday, cases in which the instructions failed to accurately inform the jury of the shifting burdens of proof, I do not believe that those cases compel the conclusion of the majority that fundamental error did not occur in the instant case. In Smith and Holiday, we concluded that fundamental error did not occur because even though the jury instructions did not accurately reflect Florida law, "there is no denial of due process to place the burden of proof . . . on the defendant." Holiday, 753 So.2d at 1269 (quoting Smith, 521 So.2d at 107). Conversely, the forcible-felony exception does not merely fail to accurately reflect a burden of proof  it completely negates the self-defense claim of the defendant. Here, the instruction did not merely make it more onerous for Martinez to prove his claim of self-defense  it totally removed from the jury *459 any possibility to conclude that Martinez acted in self-defense. Moreover, the State has the burden to disprove a valid claim of self-defense, see Fowler, 921 So.2d at 711, and the jury must consider a claim of self-defense to convict the defendant. Hence, I cannot understand or agree with the majority conclusion that this error did not deprive Martinez of a fair trial. The issue is not whether I think Martinez should prevail on this issue, but one of having a proper structural basis for the ultimate determination.
The analysis of the Third District below is equally unpersuasive. The district court presented three reasons to support its conclusion that fundamental error did not occur during Martinez's trial: (1) self-defense was not the sole defense; (2) Martinez's self-defense claim was extremely weak; and (3) the finding of premeditation by the jury precluded a finding of self-defense. See Martinez, 933 So.2d at 1167. I would conclude that the reliance of Third District on these three bases is misdirected and misplaced, as explained below.
1. Multiple defenses The presence of multiple defenses is irrelevant to a determination of whether an erroneous instruction on self-defense constitutes fundamental error. If a jury accepts a defendant's claim of self-defense, the defendant will be acquitted of the crime charged  there will be no conviction and no punishment. Thus, self-defense is entirely distinguishable from other defenses, such as intoxication, which may merely lessen a defendant's culpability, resulting in a conviction for a lesser-included offense. A claim of self-defense requires a defendant to admit commission of the act that produced the charges. See Hopson, 168 So. at 811. Thus, an erroneous forcible-felony instruction exposes a defendant to conviction based on this admission because it precludes a jury from finding that the defendant acted in self-defense if the jury finds that the defendant committed the offense that he or she has already admitted. The presence of other defenses does not alter the fact that this erroneous instruction renders it impossible for a jury to acquit a defendant on the basis of self-defense, even where the evidence of self-defense is significant or overwhelming.
Indeed, none of the decisions relied on in Martinez explain in any way why a defendant is entitled to relief where a forcible-felony instruction has been erroneously given only if it is the sole defensive position. See Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006); Bevan v. State, 908 So.2d 524 (Fla. 2d DCA 2005); Hardy v. State, 901 So.2d 985 (Fla. 4th DCA 2005); Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Williams v. State, 901 So.2d 899 (Fla. 4th DCA 2005); Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA 2004); Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Barnes v. State, 868 So.2d 606 (Fla. 1st DCA 2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003); Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). Placing this requirement as a condition precedent for a finding of fundamental error is especially questionable because Florida law permits a criminal defendant to offer multiple defenses "where the proof of one does not necessarily disprove the other." Phillips v. State, 874 So.2d 705, 707 (Fla. 1st DCA 2004); see also Keyes v. State, 804 So.2d 373, 375 (Fla. 4th DCA 2001); Moyer v. State, 558 So.2d 1045, 1046 (Fla. 5th DCA 1990).
Under the law of self-defense, once a defendant provides evidence of self-defense, the State must then go forward to demonstrate beyond a reasonable doubt that the use of force by the defendant was not justified. See Fowler, 921 So.2d at 711; S.D.G., 919 So.2d at 705; Sneed, 580 *460 So.2d at 170. However, when the forcible-felony instruction is given, regardless of whether the defendant has presented other defenses, it essentially relieves the State of this clear burden. The State is not really required to prove anything to the jury when this circular instruction is given because the jury is precluded from finding that the defendant acted in self-defense. Therefore, I would conclude that giving this forcible-felony instruction where there is no independent forcible felony constitutes fundamental error because this erroneous instruction not only deprives a defendant of a fair trial, see Smith, 521 So.2d at 108, but it is also "material to what the jury must consider in order to convict." Delva, 575 So.2d at 645 (emphasis supplied) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). With regard to this reasoning, there is no difference between a situation in which self-defense is the sole defense and a situation where other defenses are presented. Cf. Flynn v. State, 947 So.2d 1229, 1229-30 (Fla. 2d DCA 2007) (holding that to give the forcible-felony instruction constituted fundamental error where defendant raised two defenses  self-defense, and that someone else inflicted the injuries to the victim; distinguishing Martinez).
2. Strength of Self-Defense Claim The Third District also improperly assumed the role of factfinder when it determined the strength of Martinez's self-defense claim. As noted earlier:
The defendant argues that the trial court erred in failing to instruct the jury on the justifiable use of force. A criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence to support it, no matter how weak or flimsy.

The trial court should not weigh the evidence for the purpose of determining whether the instruction is appropriate.
Gregory v. State, 937 So.2d 180, 182 (Fla. 4th DCA 2006) (emphasis supplied) (citations omitted). Moreover, the First District has further stated that "an appellate court, in reviewing the record in a case where [self] defense is interposed, is required to heed the rules that `[t]he question of self defense is one of fact, and is one for the jury to decide where the facts are disputed.'" Rasley v. State, 878 So.2d 473, 476 (Fla. 1st DCA 2004) (quoting Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCA 2002)). Thus, it was inappropriate for the Third District to inject this personal-view approach into the appellate-proceeding analysis and utilize its opinion as to the strength or weakness of Martinez's self-defense claim as a condition for fundamental error in the jury instruction context.
While the Third District relies on cases for the proposition that "an examination of the record [is required] to determine if the error was fundamental in this particular case," 933 So.2d at 1162, those cases do not support the independent weighing of Martinez's self-defense claim. The cases which expressly discuss an examination of the record below involved defendants in the collateral process who had filed petitions alleging that appellate counsel was ineffective for failing to present an unpreserved challenge to the reading of the forcible-felony instruction. See Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005); York v. State, 891 So.2d 569 (Fla. 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); Hickson v. State, 873 So.2d 474 (Fla. 4th DCA 2004); Estevez v. Crosby, 858 So.2d 376 (Fla. 4th DCA 2003); Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003).
In those cases which contained a subsequent opinion after the belated appeal occurred, *461 the district courts only reviewed the record to determine whether the defendant was entitled to an instruction on self defense in the first place  not whether the defendant had a strong case for self-defense. For example, in Ortiz v. State, 942 So.2d 1013, 1015 (Fla. 2d DCA 2006), the Second District noted that even though Ortiz's claim of self defense was "debatable," it could not conclude as a matter of law that Ortiz was not entitled to an instruction on self-defense. Therefore, the Second District concluded that giving the forcible-felony instruction constituted fundamental error. See id. at 1014; see also Barnes v. State, 969 So.2d 1117, 1118 (Fla. 5th DCA 2007) (concluding that "[t]he mere fact that the self-defense claim borders absurdity is irrelevant" in determining whether fundamental error occurred); York v. State, 932 So.2d 413, 416 (Fla. 2d DCA 2006) (holding that fundamental error occurred where the defendant's self-defense claim was supported by testimony and "the disputed issue in the case was who fired first"); Fair v. State, 902 So.2d 965, 965-66 (Fla. 4th DCA 2005) (holding that fundamental error occurred where "it was the victim who may have instigated the altercation by attempting a robbery"); Estevez v. State, 901 So.2d 989, 989 (Fla. 4th DCA 2005).
The only cases in which district courts other than the Third District have held that fundamental error has not occurred are those where the district courts concluded that the defendant was not entitled to an instruction on self-defense in the first place. See, e.g., Sutton v. State, 929 So.2d 1105, 1107 (Fla. 4th DCA) (substantially similar), receded from on other grounds by Yisrael v. State, 938 So.2d 546, 547 (Fla. 4th DCA 2006), approved, No. SC06-2211, ___ So.2d ___, 2008 WL 450398 (Fla. Feb. 21, 2008); Thomas v. State, 918 So.2d 327, 328 (Fla. 1st DCA 2005) ("We affirm and decline to certify conflict with courts that have found similar errors to be fundamental because, as a matter of law, appellant was not entitled to a self-defense instruction."); Hickson v. State, 917 So.2d 939, 941 (Fla. 4th DCA 2005) ("[W]e conclude that because there was not sufficient evidence to warrant the inclusion of the self-defense instruction in the first place, defense counsel's failure to object to the instruction at trial on the grounds that the instruction was confusing to the jury and negated Hickson's only defense was not fundamental error." (emphasis supplied)).
In the decision below, the Third District improperly weighed the strength of Martinez's self-defense claim to evaluate whether fundamental error occurred. If the district court had concluded that Martinez was not entitled to the instruction, then its conclusion that fundamental error did not occur would have been proper. However, since the Third District concluded that an instruction on self-defense was proper, see Martinez, 933 So.2d at 1175, Martinez was entitled to have a correct instruction given to the jury. See Gregory, 937 So.2d at 182. Thus, the erroneous reading of the forcible-felony instruction constituted fundamental error because it negated a defense which Martinez was legally entitled to receive and which the jury was required to consider to convict Martinez. Regardless of whether I agree or disagree with the Third District that Martinez's self-defense claim was weak, I nonetheless conclude that the district court should not have assumed the role of factfinder in this way to formulate a basis for the conclusion that fundamental error did not occur. See Rasley, 878 So.2d at 476 ("[A]n appellate court, in reviewing the record in a case where [self] defense is interposed, is required to heed the rules that [t]he question of self defense is one of fact, and is one for the jury to decide *462 where the facts are disputed." (internal quotation marks omitted)).
3. The Finding of a Premeditated Intent to Kill Precludes a Self-defense Claim The Third District provides no decisional support for the bold statement and proposition that a jury finding of a premeditated intent to kill negates the availability of self-defense as a defense. The relevant jury instruction explains the concept of "killing with premeditation" as
killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant.
Fla. Std. Jury Instr. (Crim.) 7.2. Clearly, a hypothetical scenario can be envisioned in which an individual is being attacked and, after weighing his or her options, decides that the only way to survive the attack is to kill or use deadly force against the attacker. Thus, premeditation and self-defense are not mutually exclusive.
Further, two other district courts have concluded that a conviction for premeditated first-degree murder does not preclude a finding that the giving of the forcible-felony instruction constituted fundamental error. See McJimsey v. State, 959 So.2d 1257, 1258 (Fla. 4th DCA 2007); Zinnerman v. State, 942 So.2d 932, 933 (Fla. 5th DCA 2006). Both of these district courts have concluded that to give the forcible-felony instruction in the absence of an independent forcible felony is circular and totally negates a claim of self-defense. See McJimsey, 959 So.2d at 1260; Zinnerman, 942 So.2d at 933. The implied reasoning of these courts is persuasive. When a defendant admits that he committed an act involving deadly force, but the jury is then instructed that it is precluded from finding that the defendant acted in self-defense, a conviction is basically inevitable. Further, testimony with regard to the frame of mind of the defendant at the time of the act may compel the jury to find that the defendant made a conscious decision to exercise deadly force to ward off his or her attacker. See generally Ferrell v. State, 60 Md.App. 459, 483 A.2d 777, 779 (1984) ("The defense of self-defense when deadly force is employed involves the conscious decision to employ that force because of the claimed belief that it was necessary to save the assailant from death or grievous bodily harm." (emphasis supplied)), aff'd, 304 Md. 679, 500 A.2d 1050 (1985). To give this defective jury instruction that completely negates a defense asserted by the defendant could, at best, confuse jurors and, at worst, directly impact the verdict on a charge of a premeditated crime. Hence, I conclude that even though a jury may have found that a defendant acted with premeditation after it has received an erroneous instruction on self-defense, this should not insulate the instruction from constituting fundamental error on appeal.
In summary, I conclude that the three reasons set forth by the Third District in support of its decision that fundamental error did not occur here are invalid. Further, while I agree with the majority that the forcible-felony instruction is confusing and erroneous where there is no independent forcible felony, I cannot subscribe to the conclusion of the majority that Martinez was not deprived a fair trial. Instead, I would remain true to our decision in Motley and hold that fundamental error occurs in this circumstance when (1) the defendant introduced evidence in support of and presents a self-defense claim that would entitle the defendant to a correct instruction on self-defense; (2) the trial *463 court has read this forcible-felony instruction to the jury in the absence of an independent forcible felony; and (3) counsel has not objected to the instruction during trial proceedings. Otherwise, defendants are placed in an untenable position in which they have admitted that they have committed a crime, but a jury is precluded from finding that they did so justifiably and only to protect themselves from great bodily harm or death.
PARIENTE and QUINCE, JJ., concur.
NOTES
[1] In reaching this conclusion, the Third District noted that other district courts have struggled with this issue:

We also note that, during the protracted pendency of this appeal, the Fifth District . . . certified the following question, as one of great public importance, to the Florida Supreme Court: "DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?" While there appears to be a split in the Fifth District as to whether an erroneous jury instruction which relates to an affirmative defense can ever rise to the level of fundamental error, we believe that under certain circumstances, it can. We also believe that the certified question, as posed, is fundamentally flawed. The question should properly be stated as "Can fundamental error occur . . .," not "Does fundamental error occur . . ." because the Florida Supreme Court has consistently held that the determination of whether fundamental error has occurred requires a full review of the record.
Id.
[2] See, e.g., Bertke v. State, 927 So.2d 76 (Fla. 5th DCA 2006); Newcomb v. State, 913 So.2d 1293 (Fla. 2d DCA 2005); Craven v. State, 908 So.2d 523 (Fla. 4th DCA 2005); Ruiz v. State, 900 So.2d 733 (Fla. 4th DCA 2005); Swanson v. State, 921 So.2d 852 (Fla. 2d DCA 2006); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004).
[3] The jury was instructed as follows:

However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Eric Martinez was attempting to commit, committing or escaping after the commission of Attempted Murder and/or Aggravated Battery; or
2. Eric Martinez initially provoked the use of force against himself, unless:
(a) The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using force likely to cause death or great bodily harm to Rubentania Rijo.
(b) In good faith, the defendant withdrew from physical contact with Rubentania Rijo and indicated clearly to Rubentania Rijo that he wanted to withdraw and stop the use of force likely to cause death or great bodily harm, but Rubentania Rijo continued or resumed the use of force.
[4] If the above conclusion begs the question of when the forcible-felony instruction may properly be given, the State provides an apt example of such a circumstance in its answer brief:

[A] defendant enters a convenience store and points a knife at the clerk, asking him to empty the register. As the clerk is doing so, a customer approaches the defendant from behind and hits him in the head with a bottle. The defendant turns and stabs the customer.
At his subsequent trial, assuming the jury believes this version of events, the defendant could not successfully claim self-defense for his aggravated battery of the customer. While ordinarily an individual who has been hit in the head with a bottle would be justified in using force to repel this attack, the Legislature has determined that a person who is committing a crime (in this example, the robbery) is not entitled to use deadly force.
Thus, the robbery is a separate and independent forcible felony, and the forcible-felony instruction is applicable.
[5] We decline to address whether the improper reading of this jury instruction can ever constitute fundamental error. However, in light of our earlier explanation of when the forcible-felony instruction should be given, along with our recent amendment of the relevant jury instruction in 2006, this type of error should no longer confront the Florida courts with such frequency.