WALLACE, Judge.
 

 Terald Redding seeks review of the postconviction court’s order summarily denying his motion for postconvietion relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm without comment the postconviction court’s order on all of the claims asserted except claim three. With regard to the postconviction court’s summary denial of Mr. Redding’s third claim — ineffective assistance of counsel for failing to object to the forcible-felony exception to the jury instruction on self-defense — we reverse and remand for further proceedings.
 

 In November 2007, Mr. Redding was convicted by a jury of attempted second-degree murder. Mr. Redding was sentenced to fifty years’ imprisonment as a habitual felony offender (HFO) with thirty years as a prison release reoffender (PRR). The judgment and sentence were affirmed on direct appeal.
 
 Redding v. State,
 
 994 So.2d 313 (Fla. 2d DCA 2008) (table decision). Mr. Redding timely filed the current motion on December 8, 2008. The postconviction court subsequently ordered the State to respond. After reviewing the State’s response and its attached record documents, the postconviction court summarily denied Mr. Redding’s motion.
 

 In claim three of his motion, Mr. Red-ding claimed that his trial counsel was ineffective for failing to object to the giving of the forcible-felony exception to self-defense when he was only charged with one offense. He contended that the instruction negated his theory of self-defense because he was not engaged in an independent forcible felony. Mr. Redding alleged that if counsel had objected, there is a strong probability that the outcome of the trial would have been different.
 

 The forcible-felony exception provides that self-defense is not available as a justification if the defendant “[i]s attempting to commit, committing, or escaping after the commission of, a forcible felony.” § 776.041, Fla. Stat. (2009). An instruction on the forcible-felony exception should not be given “unless the defendant is charged with an independent forcible felony, in addition to the offense
 
 *355
 
 for which he claims self-defense.”
 
 Wilson v. State,
 
 944 So.2d 1244, 1245 (Fla. 2d DCA 2006) (quoting
 
 Smith v. State,
 
 933 So.2d 1275, 1276 (Fla. 2d DCA 2006));
 
 see also Martinez v. State,
 
 981 So.2d 449, 454 (Fla.2008). When the instruction is read in the absence of a charge of an independent forcible felony, it essentially negates the defendant’s theory of self-defense.
 
 See Martinez,
 
 981 So.2d at 453 (“This circular logic would most probably confuse jurors because the apparent result is that the instruction precludes a finding of self-defense and amounts to a directed verdict on the affirmative defense.”). Thus, “it is error for a trial court to read the forcible-felony instruction to the jury where the defendant is not charged with an independent forcible felony.”
 
 Id.
 
 at 457.
 

 In its order denying Mr. Redding’s claim, the postconviction court simply adopted the State’s response. Although the State attached portions of the trial transcript to its response, the record does not conclusively refute Mr. Redding’s facially sufficient claim of ineffective assistance of counsel. In its response, the State concedes that the trial court erred in reading the forcible-felony instruction to the jury. But the State asserts that it was a reasonable trial strategy for counsel to fail to object to the instruction “because she incorporated it into her closing [argument] and used it as justification for her client’s actions.” We disagree.
 

 Because the reading of the forcible-felony exception in the absence of an independent forcible felony negates a defendant’s claim of self-defense, it is not a reasonable trial tactic or strategy to fail to object to the erroneous reading of the instruction.
 
 Sipple v. State,
 
 972 So.2d 912, 914 (Fla. 5th DCA 2007) (holding that trial counsel’s performance was deficient where he failed to object to the giving of the forcible-felony instruction or to ask that the offensive part be deleted). Because the postconviction court merely adopted the State’s response in denying claim three and the State’s response did not conclusively refute the claim, we must reverse the court’s summary denial of claim three.
 
 See Bouie v. State,
 
 27 So.3d 88, 89 (Fla. 1st DCA 2009) (reversing the summary denial of a facially sufficient claim that counsel was ineffective for failing to object to the erroneous reading of the forcible-felony exception where the claim was not refuted by the record).
 

 Accordingly, we reverse the denial of Mr. Redding’s claim that counsel was ineffective for failing to object to the forcible-felony instruction and remand for the post-conviction court either to attach specific portions of the record refuting Mr. Red-ding’s allegations in claim three or to conduct an evidentiary hearing. In all other respects, we affirm the postconviction court’s order.
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and LaROSE, JJ., Concur.