CORTIÑAS, J.
 

 Eric Johnson (“Johnson”) appeals his conviction for attempted second-degree murder with a firearm. Johnson contends that the trial court committed fundamental error in giving an improper jury instruction. We disagree.
 

 Johnson was charged by the State of Florida (the “State”) with two counts: (1) aggravated assault and (2) attempted second-degree murder with a firearm. The charges arose from two separate and independent incidents involving Johnson and Mr. Quinten Spivey (“Spivey”), the boyfriend of Johnson’s wife, Natalia Johnson (“Wife”). At trial, there was substantial dispute in the testimony. Johnson denied all involvement in the alleged aggravated assault. Spivey testified that Johnson followed him while on his motorcycle and accelerated in an attempt to run Spivey over.
 

 Two or three hours after Spivey’s initial encounter with Johnson, Spivey and Wife decided to go to the store to purchase a soda. When Spivey and Wife arrived, Johnson was there. Again, the jury was presented with varying accounts of the events that transpired.
 

 Wife testified that she told Spivey to ignore Johnson and suggested they go to a different store. Spivey refused and parked the car within two or three parking spaces of Johnson’s vehicle. Wife turned her attention to her two sons, who were in the back seat of the vehicle, and did not turn around until she heard gunshots. When she turned back, she saw Spivey on the ground and Johnson sitting by a gas pump.
 

 Spivey denied seeing Johnson’s truck, having a conversation about leaving the gas station, or arguing with Johnson when he got out of the car. Rather, Spivey said that, as he attempted to get out of Wife’s car, Johnson began to ban on the back window. Spivey testified that he then got out of the car in order to call 911. When he got out of the car, he and Johnson were not close to each other, but Johnson approached him, and the two “got locked up” and “tussled a bit.” As the two struggled, Johnson moved towards the front of the car and got into the driver’s seat. At some point during their struggle, Spivey was shot. Spivey testified that afterwards, Johnson walked over, put the gun to his head, and said he was going to kill him.
 

 Johnson’s testimony was decidedly different. Johnson testified that, while on the phone with a friend, he saw Wife’s car pull into the gas station. Spivey got out of the driver’s side and began yelling and threatening Johnson. Then, Spivey got back into the car, started driving away, but stopped, exiting the car, rushing towards Johnson, and attacking him. Johnson
 
 *1149
 
 stated that Spivey repeatedly punched and kicked him and he was pinned at the Wife’s driver’s side door. Johnson, who suffers from asthma, stated that he began to loose consciousness. Because he was unable to escape from Spivey’s attack and was afraid that Spivey would kill him, Johnson reached for the gun. Spivey was on top of him and had his arms pinned down, when Johnson reached up and shot the gun three times. Johnson testified that after Spivey fell over, he sat down to catch his breath, called 911, and waited for the police.
 

 In charging the jury on the Justifiable Use of Force, the trial court instructed the jury as follows:
 

 An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which [JOHNSON] is charged if the injury to [SPIVEY] resulted from the justifiable use of deadly force.
 

 “Deadly force” means force likely to cause death or great bodily harm. However, the use of deadly force is not justifiable if you find:
 

 1. [JOHNSON] initially provoked the use of force against himself, unless:
 

 a. The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on [SPIVEY].
 

 Johnson argues that the giving of the aggressor instruction constituted fundamental error.
 

 The Florida Supreme Court amended Florida Standard Criminal Jury Instruction 3.6(f) to clarify that the trial court should only include the aggressor instruction when the defendant has been charged with a contemporaneous independent forcible felony other than the one for which the defendant claims self-defense pursuant to
 
 Giles v. State,
 
 831 So.2d 1263 (Fla. 4th DCA 2002).
 
 In re Standard Jury Instructions in Criminal Cases (2007-3),
 
 976 So.2d 1081 (Fla.2008).
 

 In
 
 Giles,
 
 831 So.2d 1263, the Fourth District held that it was fundamental error for a trial court to issue an erroneous jury instruction incorporating section 776.041(1) of the aggressor instruction where the defendant was not charged with a contemporaneous independent forcible felony. The Fourth District reasoned that the giving of the instruction was fundamental error because the defendant was not engaged in an independent forcible felony at the time of the alleged crime, and the charge “was not one where the alleged [forcible felony] occurred while [the defendant] was attempting to commit, committing, or escaping after the commission of some other independent forcible felony.”
 
 Id.
 
 at 1265.
 

 However, the applicability of section 776.041(2) does not follow the same condition as section 776.041(1) insofar as there is no requirement for a contemporaneous independent forcible felony in the giving of the section 776.041(2) instruction.
 
 See Martinez v. State,
 
 981 So.2d 449, 452 (Fla.2008). Specifically, section 776.041 “[s]ubsection (2) precludes the initial aggressor from asserting self-defense where he or she is the individual who provoked the use of force” contemporaneously to the actions of the victim to which the defendant claims self-defense.
 
 Id.
 

 Here, the trial court properly instructed the jury as to the aggressor instruction of the Justifiable Use of Force because there was evidence in the record that Johnson may have initially provoked the use of force against himself.
 
 [1]
 

 See
 
 
 *1150
 
 § 776.041(2), Fla. Stat. (2010);
 
 see also Martinez,
 
 981 So.2d at 452. Accordingly, there being evidence in the record to support the giving of the instruction, we find no error. We affirm on all other issues on appeal.
 

 Affirmed.
 

 [1]
 

 . As in this case, we note that the initial provocation would necessarily had to have been contemporaneous to the actions of the
 
 *1150
 
 victim, as described in subsection 2(a), which the defendant claims self-defense.