PER CURIAM.
Eric Azerzer appeals from his convictions and sentences following a jury trial on charges of false imprisonment, falsely personating a law enforcement officer, and battery.[1] We affirm the false imprisonment and battery convictions,[2] but reverse the falsely personating a law enforcement officer conviction based upon an error in the jury instructions as to this charge.
Under section 843.08, Florida Statutes (2010): “A person who falsely assumes or pretends to be a ... federal law enforcement officer ... and takes upon himself or herself to act as such ... commits a felony of the third degree.” (emphasis added). Without objection, the trial judge incorrectly instructed that the State had to prove that the defendant “falsely assumed or pretended to be a federal law enforcement officer or took it upon himself to act as such.” (emphasis added). This error was fundamental under Martinez v. State, 981 So.2d 449 (Fla.2008) (explaining that an error in jury instructions is fundamental if it affects a disputed element of a crime and “ ‘is pertinent or material to what the jury must consider in order to convict ...’”) (quoting State v. Delva, 575 So.2d 643, 645 (Fla.1991)). Here, Azerzer’s defense focused on the first element of what should have been a two-element crime. A witness testified that Azerzer claimed to be an FBI agent. Azerzer testified that he was a licensed bail bondsman who never claimed *1125 to be an FBI agent — and argued that the witness must have misunderstood him or been confused. Based upon this dispute in the evidence, Azerzer argued that the State had not proven beyond a reasonable doubt that he assumed or pretended to be a federal law enforcement officer. Considering the erroneous instruction, however, the jury could have decided that it need not even resolve this factual dispute to return a verdict of guilty, since Azerzer was “acting” like a law enforcement officer when searching for a fugitive.
Accordingly, we reverse the conviction for falsely personating a law enforcement officer, and remand for further proceedings with respect to that charge only.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
SAWAYA, LAWSON and COHEN, JJ„ concur.

. For the first two charges, both third degree felonies, the trial court imposed concurrent sentences of three years of supervised probation, with a special condition that the defendant work 100 hours of community service. For the battery charge, the trial court imposed a time-served jail sentence.

. Azerzer raises one issue with respect to these convictions, arguing that the trial court erred by not instructing the jury that as a licensed bail bondsman he was legally authorized to use reasonable force while in pursuit of or attempting to apprehend a fugitive. We find no merit to this issue. Azerzer neither objected to the jury instructions nor request a special instruction regarding his status as a bail bondsman. Even if requested, we question whether Azerzer would have been entitled to such an instruction in this case, where the victim of Azerzer’s crimes was clearly not a fugitive that Azerzer was seeking and where Azerzer knew this to be the case before he approached the victim. Azerzer’s defense at trial was that he was acting in self defense, and the jury was properly instructed as to this theory.