DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER BRIEN SHARPE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3883

[May 11, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen Rapp, Judge; L.T. Case No. 502009CF014631AMB.

Ira D. Karmelin, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction for first degree premeditated murder, arguing that the court fundamentally erred when it gave the forcible felony exception to the self-defense instruction, where no independent forcible felony was charged. While the giving of the instruction was error, we conclude that it was not fundamental error, as appellant's self-defense claim was "extremely weak." *Martinez v. State*, 981 So. 2d 449, 456 (Fla. 2008). The prosecutor did not even mention the exception in closing and simply addressed the self-defense claim head on, showing that the evidence, including the medical examiner's testimony, completely refuted appellant's explanation of his self-defense claim.

In addition, appellant argues that the failure to object to the instruction constituted ineffective assistance of counsel on the face of the record. Even if that were true, appellant has failed to show that the ineffective assistance prejudiced his defense to such an extent that he was deprived of a fair trial or that the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As noted above, appellant's self-defense claim was thoroughly refuted by the medical testimony. He has

not shown that there would be a reasonable probability of a different result had the instruction not been read.  *Id.*

*Affirmed.*

CONNER and FORST, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**