NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN CHRISTOPHER PHILLIPS,            )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D17-2544
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed February 22, 2019.

Appeal from the Circuit Court for
Hillsborough County; Ronald N. Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

        Steven Phillips appeals from his convictions for aggravated assault and

aggravated battery, arguing that an improper jury instruction on self-defense amounted

to fundamental error.  But because Phillips drafted the erroneous instruction, any

fundamental error was invited and waived.  Accordingly, we affirm.

Phillips was charged with aggravated assault and aggravated battery for brandishing a knife at and pistol-whipping his neighbor, Edgar Martinez, who was at the time engaged in a physical altercation with Phillips' father. At trial, Phillips argued that his actions were justified because he was acting in defense of himself and his father. The judge read instructions to the jury on justifiable use of force. Those instructions included the following: "[The] use or threatened use of deadly force is not justified if you find that [Phillips] was attempting to commit, committing, or escaping after the commission of an aggravated battery or an aggravated assault." Identical instructions were given for non-deadly force.

In Martinez v. State, 981 So. 2d 449, 453-54 (Fla. 2008), the Florida Supreme Court explained that this instruction only applies when a forcible felony independent of the one for which a defendant claims self-defense is committed. Since there was no forcible felony outside those for which Phillips asserted self-defense, this instruction was inapplicable. However, it was Phillips' counsel who had drafted the instruction and who failed to object to this error. Phillips now appeals, arguing that the instruction was a fundamental error and deprived him of a fair trial.

Jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." Id. at 455 (quoting State v. Delva, 575 So. 2d 643, 644 (Fla. 1991)). However, "[f]undamental error is waived where defense counsel requests an erroneous instruction." Universal Ins. Co. of N. Am. v. Warfel, 82 So. 3d 47, 65 (Fla. 2012) (citing Armstrong v. State, 579 So. 2d 734, 735 (Fla. 1991)). Parties "may not invite error and

- 2 -

then be heard to complain of that error on appeal." Lowe v. State, 259 So. 3d 23, 50 (Fla. 2018) (quoting Pope v. State, 441 So. 2d 1073, 1076 (Fla. 1983)).

While reading the forcible-felony exception in Phillips' trial might have constituted fundamental error by negating his primary viable defense strategy, cf. Martinez, 981 So. 2d at 456-57, any such error was waived because Phillips' own counsel drafted, and thus requested, the improper instruction. Having invited the error, Phillips cannot now benefit from it on appeal.

Affirmed.

LaROSE, C.J., and BLACK, J., Concur.