DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KIERNAN ASHTON HIGBEE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1429

_____

February 11, 2026

Appeal from the Circuit Court for Hillsborough County; Samantha L. Ward, Judge.

Michael Ufferman and Laurel Cornell Niles of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellee.

LABRIT, Judge.

In the proceedings below, the State charged Kiernan Higbee with one count: principal to third-degree felony murder.  Mr. Higbee relied on one defense: the justifiable use of deadly force.  The trial court instructed the jury on the forcible felony exception to this defense, which is error when the defendant is not charged with an independent forcible felony.  This error is unpreserved but a new trial is warranted because the error was fundamental.

The case arose from what the parties describe as a drug deal gone bad. In September 2019, Mr. Higbee and his friend Casey Cordell went to Manuel Simmons' apartment to sell five pounds of marijuana. Mr. Simmons' friend, Craig Melvin, was also present for the transaction. Mr. Simmons was down on his luck at the time and struggling financially and developed what he described as a "snatch-and-run" plan. In short, he intended to steal the marijuana from Mr. Higbee and run without paying for it. But when Mr. Simmons put his plan into action that day, Mr. Cordell drew a firearm and fired numerous rounds, several of which struck and ultimately killed Mr. Melvin.

The State charged Mr. Cordell with third-degree felony murder,[1] and it charged Mr. Higbee as a principal to the crime. Their cases were consolidated for trial, and during the ensuing trial, the State called Mr. Simmons as a witness. He testified that neither he nor Mr. Melvin threatened Mr. Cordell or Mr. Higbee in any way, that he was unarmed, and that Mr. Cordell fired at him as he was running away with the stolen marijuana. The State's evidence also showed that Mr. Simmons was shot in his "buttocks area" and that Mr. Melvin sustained six gunshot wounds, four of which were in his back with trajectories consistent with Mr. Melvin having been in a crouching position when shot.

The defense maintained, however, that Mr. Cordell acted in self-defense. In support, Mr. Higbee and Mr. Cordell testified that before Mr. Cordell drew his firearm, Mr. Melvin attacked and repeatedly punched Mr. Higbee and Mr. Simmons reached for what the defendants believed was a gun or a knife in Mr. Simmons' waistband. The defense also established that a gun belonging to Mr. Simmons was found on the floor

---

[1] The State also charged Mr. Cordell with attempted felony murder for shooting Mr. Simmons, who sustained several nonfatal injuries.

of the apartment where the shooting occurred. In the end, the jury found both defendants guilty as charged, and the trial court sentenced them accordingly.

On appeal, Mr. Higbee challenges a jury instruction that he did not challenge below. He argues that the trial court erred by giving a forcible felony instruction, which told the jury that "[t]he use of deadly force is not justified if you find the defendant was attempting to commit, committing[,] or escaping after the commission of felony murder or manslaughter."[2] Our supreme court held in *Martinez v. State*, 981 So. 2d 449, 457 (Fla. 2008), that "it is error for a trial court to read the forcible-felony instruction to the jury where the defendant is not charged with an independent forcible felony." Because there was only one charge against Mr. Higbee—and because he was not charged with a separate forcible felony—Mr. Higbee submits that *Martinez* establishes error. And because Mr. Higbee concedes that this error is unpreserved, he argues that it qualifies as fundamental error.

The State does not dispute that it was error to give a forcible felony instruction in Mr. Higbee's case. But the State disagrees that this error was fundamental. We therefore must decide whether the erroneous instruction the trial court gave the jury was fundamental in nature and so flawed that it deprived Mr. Higbee of a fair trial. *See id.* at 455.

This is not the first time this issue has come before our court. Since our supreme court's pronouncement in *Martinez*, we have held that fundamental error occurred on several occasions where the forcible

---

[2] This instruction is based on section 776.041(1), Florida Statutes (2019), which provides that the defense of justifiable use of deadly force "is not available to a person who . . . [i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." *See also* § 776.08 (defining forcible felony).

felony instruction was erroneously given.  *See Routenberg v. State*, 301 So. 3d 325 (Fla. 2d DCA 2020); *Mickens v. State*, 138 So. 3d 595 (Fla. 2d DCA 2014); *Stewart v. State*, 113 So. 3d 914 (Fla. 2d DCA 2013).  We most recently addressed the issue in *Daniels v. State*, 376 So. 3d 828 (Fla. 2d DCA 2023).

In *Daniels*, we reiterated that "the reading of an erroneous instruction on an affirmative defense does not always constitute fundamental error."  *Id.* at 832 (citing *Routenberg*, 301 So. 3d at 328–29).  We also explained that "we must consider the effect of the erroneous instruction in context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel."  *Id.* (citation modified).  This is consistent with *Martinez*, which evaluated fundamental error based on a "review of the complete record," and which concluded that no fundamental error occurred where the defendant's claim of self-defense was "extremely weak" and was not his only, or even his primary, defense at trial.  981 So. 2d at 455–56.

Reviewing the complete record here, we conclude that it was fundamental error to give the forcible felony instruction in Mr. Higbee's case.  At trial, there was no dispute that Mr. Cordell was the only shooter and that Mr. Higbee was with him to sell marijuana; the only real dispute was whether Mr. Cordell acted in self-defense.  To prove that he didn't, the State presented Mr. Simmons' eyewitness account along with evidence showing that Mr. Simmons and Mr. Melvin were primarily shot in their backs, that the bullets from Mr. Cordell's gun were fired toward the door exiting the apartment, and that Mr. Cordell told an emergency operator he "was shooting" the victims "after they ran away from [him]."  While the State's evidence was compelling, the defendants presented at least some evidence to support their theory of self-defense.  This included

4

Mr. Higbee's and Mr. Cordell's testimony (albeit self-serving) along with undisputed evidence showing that Mr. Simmons' gun was found at the scene in the precise location he had been standing before the shooting. Neither Mr. Simmons nor anyone else could explain how the gun ended up there, but its existence and placement undercut Mr. Simmons' testimony that he was unarmed, and it supported the defendants' theory of self-defense—the only real defense Mr. Higbee presented to the jury.

The forcible felony instruction negated this defense and effectively removed it from the jury's consideration. This deprived Mr. Higbee of a fair trial. And although his defense had many holes, it did not "strain[] even the most remote bounds of credulity" so as to obviate the impact of the erroneous instruction. *Cf. Martinez*, 981 So. 2d at 456.

We therefore reverse Mr. Higbee's conviction and sentence based on this erroneous instruction, and we remand for a new trial. As to all other issues Mr. Higbee raises on appeal, we conclude that they lack merit.

Reversed and remanded for a new trial.

KHOUZAM and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.