987 So.2d 748 (2008)
Devon STOUTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-617.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
Rehearing Denied August 25, 2008.
Richard L. Rosenbaum of Arnstein & Lehr LLP, Fort Lauderdale, for appellant.
*749 Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of attempted second degree murder and appeals the denial of his rule 3.850 motion for post-conviction relief following an evidentiary hearing. We reverse because of the failure of his counsel to object to the forcible felony jury instruction which was not applicable and deprived him of his theory of self defense.
During the months before this shooting there was a history of bad blood between appellant and the victim, including physical altercations, one occurring earlier on the day of the shooting. Later that day appellant, from the passenger seat of a car, fired three shots which struck the victim while the victim was working in his yard.
Appellant's defense was that the victim had been threatening him with a gun because appellant had failed to repay a debt. According to appellant, he had come to the victim's house to repay the money he owed, when the victim pulled out a gun, and appellant then shot the victim in self defense.
The forcible felony defense instruction is based on section 776.041(1), Florida Statutes (2000), which provides that the use of force in self defense is not available to a person who "is attempting to commit, committing, or escaping after the commission of, a forcible felony...." As we explained in Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002), a jury should be instructed on this statute only "where the accused is charged with at least two criminal acts, the act for which the accused is claiming self defense and a separate forcible felony." In the present case appellant was charged with one crime, the shooting, and no other forcible felony.
The state persuaded the trial court that, because our opinion in Giles issued after appellant's trial took place, trial counsel should not be held ineffective for failing to anticipate a change in the law. See Johnson v. State, 903 So.2d 888 (Fla. 2005). It does not follow, however, that because Giles was decided after the trial in this case, it constituted a change in the law. The state's argument would be correct if this statute had, for example, been previously construed by this court or the Florida Supreme Court to not require a separate forcible felony; however, that was not the case here. In fact, as is apparent from Giles, prior Florida Supreme Court decisions had indicated section 776.041(1) as requiring a separate forcible felony. Perkins v. State, 576 So.2d 1310 (Fla.1991) (cocaine trafficking was not a forcible felony so as to preclude the defense of self-defense when a killing occurred during an attempt to traffic in cocaine); Marshall v. State, 604 So.2d 799 (Fla.1992) (self-defense not available because defendant was engaged in the independent forcible felonies of burglary and aggravated battery when he killed the victim). We accordingly conclude that counsel's performance was deficient.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) requires not only that counsel's performance be deficient, but that the deficient performance prejudiced the defense. In this case appellant testified that the victim had pulled a gun when he shot the victim, and the victim denied that he had a gun. Although there were no other witnesses who could confirm that the victim did or did not have a gun, there was corroborating testimony that the victim had physically attacked the defendant in the past. Because the giving of the jury instruction *750 erroneously negated defendant's only theory of innocence, self defense, the prejudice prong of ineffective assistance of counsel has been satisfied.
Reversed for a new trial.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.