COHEN, J.
 

 ON REMAND
 

 On remand from the Florida Supreme Court, we have vacated and withdrawn our previously issued mandate in light of
 
 Martinez v. State,
 
 981 So.2d 449 (FIa,2008), which addressed the forcible felony exception to self-defense. In relevant part, the forcible felony exception provides that a defendant may not avail himself of the defense of self-defense if he is engaged in attempting, committing, or escaping after the commission of a forcible felony. § 776.041(1), Fla. Stat. (1999). Trial courts have undoubtedly encountered difficulty in applying and instructing on this exception.
 

 Martinez,
 
 981 So.2d at 454, makes clear that the forcible felony exception applies only in cases when the defendant engages in an independent forcible felony. Thus, the exception is very narrowly applied, and in most cases should simply be omitted from the instructions given to the jury.
 
 Martinez
 
 further holds that when the defendant fails to contemporaneously object and the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, “fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’ ”
 
 Id.
 
 at 455, citing
 
 Smith v. State,
 
 521 So.2d 106, 108 (Fla.1988). The fundamental error doctrine “should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.”
 
 Id.
 
 at 455, citing
 
 Ray v. State,
 
 403 So.2d 956, 960 (Fla.1981).
 

 Barnes was charged with attempted murder in the first degree stemming from the shooting of Kenneth Brown. The case proceeded to trial where the jury was instructed on Barnes’ claim of self-defense. As part of that instruction, the jury was informed the use of force likely to cause death or great bodily harm was not justified if Barnes was attempting to commit, committing, or escaping after the commission of attempted murder and/or aggravated battery. Barnes did not object to the instruction. The jury subsequently convicted Barnes of attempted murder in the second degree.
 

 After reviewing the complete record, we conclude that this is not one of those rare cases where the interests of justice compel reversal. The victim in this case was shot eight times, including once in the back while he fled from the hail of bullets. Furthermore, the State never argued to the jury that Barnes’ commission of a forcible felony in shooting Brown defeated his claim of self-defense.
 

 AFFIRMED.
 

 PALMER, C.J., and SAWAYA, J., concur.