PER CURIAM.
 

 The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We affirm the denial of all but one of the appellant’s claims. For the reasons discussed below, we reverse and remand the appellant’s claim that counsel was ineffective for failing to object to a portion of the jury instructions.
 

 The appellant asserts that counsel failed to object when the trial court read the forcible felony exception for count one. The forcible felony exception “provides that a defendant may not avail himself of the defense of self-defense if he is engaged in attempting, committing, or escaping after the commission of a forcible felony.”
 
 Barnes v. State,
 
 12 So.3d 797 (Fla. 5th DCA 2009). In
 
 Stoute v. State,
 
 987 So.2d 748 (Fla. 4th DCA 2008), a defendant alleged that counsel was ineffective for failing to object to the giving of the forcible felony instruction which was not applicable and deprived him of his theory of defense. This Court reversed and remanded for a new trial, holding that because the instruction negated the defendant’s only theory of defense, that being self-defense, the prejudice prong was satisfied. Here, the appellant alleges that no independent forcible felony existed that would justify the trial court reading, or the jury considering, the forcible felony exception instruction in deciding the verdict on count one and that both parties below agreed it did not apply to count one. It also appears that the appellant argued self-defense as his theory of defense to count one. Thus, the appellant’s claim is facially sufficient and not refuted by the record. Accordingly, we reverse the denial of the appellant’s claim that counsel was ineffective for failing to object to the trial court giving the forcible felony instruction and remand for the trial court to attach portions of the record refuting the appellant’s allegations or to conduct an eviden-tiary hearing.
 

 AFFIRMED in part and REVERSED and REMANDED in part.
 

 BARFIELD, VAN NORTWICK, and CLARK, JJ., concur.