JACOBUS, J.
 

 The appellant, Robert Vowels, challenges the judgment and sentence entered after a jury found him guilty of aggravated battery with a deadly weapon. Vowels contends that the trial court read an improper jury instruction and, in doing so, denied him a fair trial. We agree that the reading of the improper jury instruction in this case resulted in fundamental error and that Vowels’ conviction and sentence should be reversed.
 

 In November 2001, Vowels was charged by information with aggravated battery with a deadly weapon, a second-degree felony. The charge arose from an incident involving Vowels and Thomas Donaldson, the victim. Both men were long-term residents of the same motel. Vowels intervened when he saw his wife and Donaldson arguing in front of Donaldson’s room. A physical altercation ensued between Vowels and Donaldson. At trial, Donaldson and Mrs. Vowels testified about the events of the evening. Needless to say, there was a substantial dispute in their testimony.
 

 According to Donaldson, he threw a chair at Vowels because he believed he saw a knife in Vowels’ hand. Donaldson then grabbed his work knife to defend himself. At some point during the confrontation, Vowels went to his room and came back
 
 *721
 
 with some type of club. Ultimately, Vowels struck Donaldson with the club. In contrast, Mrs. Vowels testified that Donaldson had a knife and he had cut her husband on the neck with it. Thus, her husband was defending himself when he hit Donaldson with the club.
 

 Self-defense was Vowels’ only defense at trial. When the court instructed the jury on the law, it included the forcible-felony exception to self-defense. The instruction was read to the jury without objection. On appeal, Vowels argues it was fundamental error to instruct the jury in this manner because he was not charged with an independent forcible felony. Therefore, the reading of the forcible-felony instruction negated his theory of self-defense, which was his sole defense, and denied him a fair trial.
 

 In
 
 Martinez v. State,
 
 981 So.2d 449 (Fla.2008), the supreme court stated that in order to give the forcible-felony exception to the self-defense instruction, there must be a separate and distinct forcible felony. That was not the case here. Vowels was charged with one forcible felony, aggravated battery with a deadly weapon. However,
 
 Martinez
 
 explains that the erroneous reading of the forcible-felony instruction under these circumstances is not necessarily fundamental error. Rather, the appellate court must thoroughly review the record and determine whether giving the instruction in that particular case rises to the level of fundamental error.
 

 Upon our review of the complete record in this case, we conclude that the erroneous forcible-felony instruction vitiated the fairness of Vowels’ trial and, therefore, constituted fundamental error. We reach this conclusion based on the fact that Vowels’ only defense was self-defense. No other defenses were pursued in this case. Additionally, no forensic evidence was admitted establishing the exact sequence of events. Instead, the only testimony regarding the incident came from eyewitnesses who had significantly different versions of the events. Many key details were in dispute. It was unclear whether Donaldson or Vowels was the initial aggressor. Likewise, it was unclear who had the knife, who was cut, or who threw the chair. By giving the forcible-felony jury instruction, the trial court led the jury to believe that Vowels’ theory of self-defense was not available to him because he conceded that he committed an aggravated battery with a deadly weapon.
 

 This case is distinguishable from this Court’s ruling in
 
 Barnes v. State,
 
 12 So.3d 797 (Fla. 5th DCA 2009). In
 
 Barnes,
 
 it was apparent from the facts of the case that the reading of the forcible-felony exception to self-defense was not fundamental error. There, the claim of self-defense was significantly weaker than it is here because the victim was shot eight times, including once in the back while he fled from a hail of bullets. Here, in contrast, Mrs. Vowels’ testimony supported the self-defense theory and there was no forensic evidence contradicting her version of events.
 

 Because the erroneous jury instruction negated Vowels’ sole defense at trial, we reverse the judgment and sentence and remand for a new trial.
 

 REVERSED and REMANDED for a new trial.
 

 GRIFFIN and PALMER, JJ., concur.