EVANDER, J.
Sloss appeals from the summary denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged that his trial counsel was ineffective by failing to object to the trial court giving the forcible felony exception instruction when he was only charged with a single offense — aggravated battery. The trial court concluded that Sloss suffered no prejudice. We reverse.
This is Sloss’ third appearance before this court. On Sloss’ direct appeal, this court held that the erroneous giving of the forcible felony exception instruction constituted fundamental error. Sloss v. State, 965 So.2d 1204 (Fla. 5th DCA 2007), quashed, State v. Sloss, 1 So.3d 164 (Fla.2009). Subsequently, in Martinez v. State, 981 So.2d 449 (Fla.2008), the Florida Supreme Court held that although it was error to give such instruction where the defendant was not charged with a forcible felony independent of the crime for which he was claiming self-defense, it was not fundamental error. Based on the decision in Martinez, the Florida Supreme Court then quashed this court’s initial opinion. State v. Sloss, 1 So.3d 164 (Fla.2009). On remand from the Florida Supreme Court, this court affirmed Sloss’ conviction and sentence. Sloss v. State, 16 So.3d 873 (Fla. 5th DCA 2009).
The charge against Sloss arose from a confrontation between Sloss and two of his apartment complex neighbors, McKinney Milsap (the alleged victim) and Frank Mil-sap (McKinney’s nephew). Two conflicting versions of the confrontation were presented to the jury.
According to McKinney and Frank, Sloss was angry because McKinney had complained to the landlord about the volume of the music emanating from Sloss’ apartment. Sloss cursed at McKinney before going to his car to retrieve a knife. Sloss then cut McKinney’s thigh with a knife, instigating a physical fight in which Sloss stabbed McKinney several times. Frank heard the altercation, rushed to the scene, and tried to assist his uncle. After being cut three times by Sloss, Frank went into his apartment and retrieved a knife. Frank returned to the scene and cut Sloss’ hand, forcing Sloss to drop his knife.
Sloss’ version of these events was decidedly different. He testified that he was looking under his car’s hood when McKinney hit him in the back with a chair. McKinney then struck him three more times. When Sloss saw Frank come out of his apartment with a knife, Sloss then pulled out his own knife. He stabbed McKinney in self-defense.
In its charge to the jury, the trial court gave the following instruction:
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the imminent commission of aggravated battery. However, the use of force likely to cause death or great bodily harm is not justifiable if you find [Sloss] was attempting to commit, committing, or escaping after the commis- *68 £non of aggravated battery, or [Sloss] initially provoked the use of force against himself unless the force asserted towards the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm, and had exhausted every reasonable means to escape the danger....
(Emphasis added). Sloss’ counsel failed to object to this instruction.
The standard by which we determine whether a defendant is entitled to relief based on an assertion of ineffective assistance of trial counsel derives from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Stride-land requires a defendant to prove two elements: 1) that counsel’s representation was so deficient as to fall below an objective standard of reasonableness; and 2) that the deficient performance prejudiced the defendant. Id. at 687-88, 104 S.Ct. 2052. In order to establish prejudice, the defendant must show “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
An instruction on the forcible felony exception should not be given unless the defendant is charged with an independent forcible felony in addition to the offense for which he claims self-defense. Martinez, 981 So.2d at 452. When an instruction is read in the absence of a charge of an independent forcible felony, it essentially negates the defendant’s theory of self-defense.
This circular logic would most probably confuse jurors because the apparent result is that the instruction precludes a finding of self-defense and amounts to a directed verdict on the affirmative defense.
Id. at 453.
Stoute v. State, 987 So.2d 748 (Fla. 4th DCA 2008) and Sipple v. State, 972 So.2d 912 (Fla. 5th DCA 2007) are instructive in discussing the analysis of the “prejudice” prong in the context of a Rule 3.850 motion, where trial counsel failed to object to a forcible felony exception instruction be-' ing given, and self-defense was the defendant’s only theory of innocence.
In Stoute, the defendant was convicted of second degree murder. During the months prior to the fatal incident, there had been physical altercations between the defendant and the victim. The defendant’s defense was that the victim had been threatening him with a gun because the defendant had failed to repay a debt. According to the defendant, when he went to the victim’s house to repay the money, the victim pulled out a gun and the defendant then shot the victim in self-defense. The Stoute court found that not only was counsel deficient in failing to object to the forcible felony execution instruction, but also that the deficient performance prejudiced the defendant by negating his only defense. Stoute was granted a new trial.
In Sipple, the defendant was convicted of manslaughter with a firearm. Although Sipple did not testify at trial, he had given a statement to the police which was admitted into evidence. In his statement, Sipple described how he had become “embroiled in a life-and-death struggle” with the victim prior to shooting her in self-defense. After determining that trial counsel had been ineffective in failing to object to the reading of the forcible felony exception instruction, we then concluded that counsel’s omission had prejudiced the defendant. In doing so, we observed that once Sipple had presented a prima facie case of self-defense, the State was required to prove beyond a reasonable doubt that he did not act in self-defense. Thus, trial counsel’s failure to object to the erroneous *69 instruction not only negated Sipple’s only defense, but also essentially relieved the State of its burden of proving beyond a reasonable doubt that Sipple did not act in self-defense. As in Stoute, the defendant was granted a new trial.
The trial court below found that the facts of the instant case to be more similar to Martinez and Barnes v. State, 12 So.3d 797 (Fla. 5th DCA 2009), than to Stoute. We respectfully disagree. In Martinez and Barnes, the evidence against the defendant was overwhelming and the self-defense claims were implausible.[1] Here, the evidence was hardly overwhelming. A jury could reasonably view this case as a “swearing contest” between Sloss on the one side, and the alleged victim and his nephew on the other. The fact that the alleged victim’s injuries were far more significant than those of Sloss does not compel a conclusion that Sloss could not have been acting in self-defense. We believe that had the jury not been given the improper forcible felony exception instruction, there is a reasonable probability that Sloss would have been acquitted.
REVERSED for a new trial.[2]
TORPY and JACOBUS, JJ., concur.

. In Martinez, 981 So.2d at 456, the Florida Supreme Court stated:
It is clear from the disturbing facts of this case that Martinez’s claim that he had to fight for his life and did not have an opportunity to leave the room strained even the most remote bounds of credulity.
Barnes was a direct appeal from the initial judgment, not from the denial of a Rule 3.850 motion. There, we simply found that the failure to object to the forcible felony exception instruction did not constitute fundamental error. We additionally observed that the victim had been shot eight times, including once in the back when he fled from a hail of bullets.

. Ordinarily, the remedy for an improper summary denial of a Rule 3.850 motion in this type of case would be a remand to the trial court for the attachment of portions of the record refuting the appellant’s allegations or to conduct an evidentiary hearing. See, e.g., Bouie v. State, 27 So.3d 88 (Fla. 1st DCA 2009). However, given the facts of this case and this court’s prior review of the record, there would appear to be little reason to remand for an evidentiary hearing.