EVANDER, J.
John Crimins, Jr., appeals his conviction for aggravated battery upon Jason Warren. He contends that the trial court committed fundamental error by giving the jury the forcible felony exception to the self-defense instruction where there was no evidence that he was engaged in a separate and independent forcible felony at the time of the claimed self-defense. We reverse.
Crimins was charged with attempted first degree murder and aggravated battery of Warren, aggravated battery of Mo-riah Mace, animal cruelty, and the misdemeanor offense of violation of a pretrial release condition in a domestic violence case. Mace was Crimins’ former girlfriend and the mother of his three-year-old child. *947 She had obtained a “no-contact” order against Crimins and, at the time of the events in question, was residing with Warren.
The jury was unable to reach a verdict on the attempted murder count, found Cri-mins not guilty of aggravated battery of Mace and of animal cruelty, but guilty of the other two charges. On appeal, Cri-mins does not challenge his conviction for violation of a pretrial release condition in a domestic violence case.[1]
Warren and Crimins both testified at trial. According to Warren, he was standing outside Mace’s residence smoking a cigarette when he was attacked by Cri-mins. Crimins was wielding a meat cleaver and inflicted severe injuries on Warren.
Crimins gave a significantly different version of the events in question. According to Crimins, he was approaching the front door of Mace’s residence when Warren stepped out of the house and swung a baseball bat at him. In response, Crimins pinned the baseball bat to his side, removed the meat cleaver from inside his coat, and swung it at Warren to disarm him. Crimins further testified that he was carrying the meat cleaver because of the potential of “trouble” from Warren who had previously threatened Crimins with physical violence.
No other witnesses testified as to how the altercation between Warren and Cri-mins began.
Without objection, the trial court gave the following instruction regarding self-defense to the jury:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which he is charged if the injury to Jason Warren and/or Moriah Mace resulted from a justifiable use of deadly force.
Deadly force means a force likely to cause death or great bodily harm.
The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting: Another’s attempt to murder him; or, any attempt to commit aggravated battery upon him.
[[Image here]]
A person is justified in using deadly force if he ... reasonably .believes that such force is necessary to prevent: Imminent death or great bodily harm to himself- or another; or, the imminent commission of aggravated battery against himself or another.
However, the use of deadly force is not justifiable if you find that John Crimins was attempting to commit, committing, or escaping after the commission of attempted first degree murder; or, John Crimins initially provoked the use of force against himself, unless the force asserted towards the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using deadly force on Jason Warren and Mori-ah Mace; and, in good faith, the defendant withdrew from physical contact with Jason Warren and Moriah Mace and clearly indicated to them that he wanted to withdraw and stop the use of deadly force, but Jason Warren and Mo- *948 riah Mace continued or resumed the use of force.
(Emphasis added).
The forcible felony exception instruction, providing that a claim of self-defense is not available to a defendant who is attempting to commit, committing, or escaping after the commission of a forcible felony, does not apply where there is no forcible felony independent of the felony(s) for which the defendant is claiming self-defense. Martinez v. State, 981 So.2d 449, 454 (Fla.2008) (“[W]e hold ... that for the forcible-felony instruction to apply, there must be an independent forcible felony other than the one which the defendant claims he or she committed in self-defense”).
The State argues that it was appropriate for the forcible felony exception instruction to be given because Crimins was charged with the separate offense of attempted murder. We reject this argument because for purposes of applying the forcible felony exception instruction, the attempted murder charge was not a separate and independent offense. The aggravated battery (upon Warren) charge and the attempted murder charge arose from the same underlying facts and Crimins’ claim of self-defense was asserted as to both charges based on his claim that Warren had initiated the physical violence by attacking him with a baseball bat. See Martinez (forcible-felony instruction on self-defense was not warranted in trial of defendant for attempted premeditated murder and aggravated battery with a deadly weapon for the single act of stabbing his girlfriend); see also Santiago v. State, 88 So.3d 1020 (Fla. 2d DCA 2012) (where defendant shot (or shot at) three individuals, killing one and injuring another, and was charged with one count of murder and two counts of attempted murder, it was error to give forcible felony instruction where defendant was claiming self-defense as to all three counts; defendant was not engaged in separate and independent forcible felony at the time he allegedly acted in self-defense).
Because Crimins did not object to the giving of the forcible felony exception instruction, this court must determine whether the use of such instruction constituted fundamental error. Where a challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs when a jury instruction is so flawed as to deprive the defendant of a fair trial. Martinez, 981 So.2d at 455. In Martinez, the supreme court concluded that the giving of the forcible felony exception instruction was not fundamental error because self-defense was not the only strategy pursued by Martinez and his claim of self-defense was “extremely weak.” Martinez, 981 So.2d at 456.
By contrast, Florida courts have found fundamental error when self-defense was the defendant’s primary defense and the evidence could not be viewed as “extremely weak.” See, e.g., Smith v. State, 76 So.3d 379 (Fla. 1st DCA 2011) (improper forcible felony jury instruction constituted fundamental error in prosecution of aggravated battery where case involved classic “he said/she said” incident with no other eyewitnesses and some testimony, if believed by the jury, would have shown defendant was not initial aggressor and resisted alleged victim in self-defense); Vowels v. State, 32 So.3d 720 (Fla. 5th DCA 2010) (fundamental error to give forcible felony instruction where only defense pursued was self-defense, witnesses gave significantly different versions of events as to who initial aggressor was, and no forensic evidence was admitted establishing exact sequence of events); De La Hoz v. State, 997 So.2d 1198 (Fla. 3d DCA 2008) (giving jury instruction on indepen *949 dent forcible felony exception to self-defense constituted fundamental error warranting reversal of conviction for second-degree murder where there was no independent felony in the case and instruction negated defendant’s sole defense of self-defense).
In the instant case, Crimins’ sole defense at trial to the count for aggravated battery against Warren was self-defense. And, although the State was able to impeach much of Crimins’ trial testimony with evidence of prior inconsistent statements, we cannot conclude that the evidence of guilt was overwhelming or that the claim of self-defense was “extremely weak.”
REVERSED and REMANDED for a new trial.
AWSON and COHEN, JJ„ concur.

. Section 741.29(6), Florida Statutes (2009). A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree _