ALTENBERND, Judge.
Leonard Ditron Mickens appeals his judgment for battery and the resulting sentence. We must reverse because the trial court committed a fundamental error affecting the jury instructions on Mr. Mickens’ only defense. The court used the charged offense and its lesser offense as the forcible felonies when explaining the forcible felony exception to the defense of justifiable use of nondeadly force.
*596 Mr. Mickens was charged with two counts: (1) battery, § 784.03(1), Fla. Stat. (2011), of a female victim, and (2) felony battery, § 784.041(1), of her male friend. The charges arose from events on October 16, 2011. The alleged female victim claimed that Mr. Mickens came into a bedroom of an apartment and tried to batter her. She left the apartment and returned with her male friend. A fight ensued during which the male friend was injured by Mr. Mickens. Mr. Mickens defended, claiming that battery on the female did not occur. He admitted that the battery on the male friend occurred but claimed he had acted in self-defense. The jury acquitted Mr. Mickens of the battery on the female and convicted him of the lesser offense of battery as to her male friend. See § 784.08(1).
The problem in this case arose during the jury instruction conference. It was agreed that Mr. Mickens was entitled to a jury instruction on justifiable use of non-deadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(g). The standard instruction contains an exception explaining that self-defense is not an available defense for a person who is committing a forcible felony. The commentary accompanying the standard instruction explains that the exception should be given only if the defendant is charged with an independent forcible felony. Id; see also Martinez v. State, 981 So.2d 449, 453-54 (Fla.2008) (“[A]n independent forcible felony is required for the forcible-felony instruction to apply.”). The standard form contains a space for the trial court to add the description of the independent forcible felony involved in the specific case. But in this ease the space was filled in with “Felony Battery or Battery.” Felony battery is the charged offense as it relates to the male friend, and battery is its category one lesser offense. The alleged battery on the female might be a separate offense, but that event was over at the time Mr. Mickens committed the battery on the male victim. It was not a crime that Mr. Mickens “was attempting to commit, committing, or escaping after the commission of’ as described in the standard instruction. Thus, the charged battery on the female victim could not be used as an independent forcible felony in this case.
Thus, in a nutshell, Mr. Mickens was charged with felony battery, for which battery was a necessary lesser offense. He raised self-defense as his only defense. The jury was told that the use of nondeadly force by Mr. Mickens was not justified if he was committing felony battery or battery. As read, the instruction eliminated Mr. Mickens’ only defense.
During the jury instruction conference, the attorneys had a rather long discussion with the trial court about this instruction. Their arguments were confusing. The court asked them: “Have either of you lawyers even looked at the case law that interprets this very-poorly worded instruction from our Florida Supreme Court?” Both lawyers responded that they had not. The court replied: “Why not? This is your job. This is important. This is potentially a game-over event.”
Here, the “game” is not over, but it gets to be replayed with simple battery as the highest charge. The forcible felony exception has application to both the use of deadly and nondeadly force. See Fla. Std. Jury Instr. (Crim.) 3.6(f); Fla. Std. Jury Instr. (Crim.) 3.6(g); Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). An error in the forcible felony instruction does not necessarily rise to the level of fundamental error, but when the instruction negates the defendant’s only defense to the charge of which he is convicted, it is typically determined to be a fundamental error. See Vowels v. State, 32 So.3d 720, 721 (Fla. 5th *597 DCA 2010); see also Stewart v. State, 113 So.3d 914 (Fla. 2d DCA 2013) (finding fundamental error where forcible felony instruction negated defendant’s only defense for his use of deadly force); Crimins v. State, 113 So.3d 945, 948-49 (Fla. 5th DCA 2013) (same); Sloss v. State, 45 So.3d 66 (Fla. 5th DCA 2010) (same); Smith v. State, 76 So.3d 379, 387 (Fla. 1st DCA 2011) (finding fundamental error where forcible felony instruction negated defendant’s key defense for his use of nondeadly force).
Even though Mr. Mickens was convicted of the misdemeanor and not the charged felony, self-defense was his only defense to the offense for which he stands convicted. Having reviewed the record, we conclude that we must reverse his conviction and remand for a new trial.
Reversed and remanded.
WALLACE and MORRIS, JJ., Concur.